UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14253-CIV-MARTINEZ/LYNCH

MICHAEL GERHARDT,

    Plaintiff,

v.

FINE LINE COLLISION, INC., ROBERT
ZENO, AND JOHN VIESTA,

    Defendants.
_____/



FILED by ___ D.C.
NOV 12 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS FEES AND COSTS (DE 14)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 15) and the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends as follows:

    1. On July 11, 2008 the Plaintiff brought suit against the Defendants for unpaid wages under the Fair Labor Standards Act. Very soon thereafter, on August 6, 2008, and before they answered the Complaint, the Defendants sent a Rule 68 Offer of Judgment to the Plaintiff. The Defendants offered $4,290.00 "for all damages, claims, and relief" that the Plaintiff could seek. In addition the Defendants offered to allow judgment "be taken against them for the amount of Plaintiff's accrued reasonable attorneys' fees and costs (to be determined by the Court) to date." The Plaintiff formally accepted the Offer of Judgment on August 12, 2008. Pursuant thereto, Final Judgment was entered against the

Defendants, and the case was closed.

2. The Plaintiff now moves for his fee and cost award, specifically $5,702.00 in fees and $502.12 in costs. Both the Offer of Judgment and 29 U.S.C. § 216(b), the underlying FLSA statute, authorize the award of a reasonable attorney fee. The "lodestar" standard, whose framework is set out in the case of Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299-1301 (11th Cir. 1988), provides the means by which the reasonableness of an attorney's fee is measured. Generally speaking the lodestar fee is the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate. It remains the Plaintiff's burden to prove the reasonableness of his fee request. To meet this burden, the Plaintiff should exclude inefficient work product, redundant hours, and duplicative tasks. He also should practice good billing judgment and only submit a bill to the Defendants that he, himself, would expect to pay. See Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988).

3. This Court begins its review with the number of work hours incurred. From counsel's claimed total of 22 hours, the Defendants object to several instances of excessive billing. The Defendants object to the three hours counsel bills for preparing a form FLSA complaint. This Court agrees and finds one hour more reasonable. Counsel should have derived greater economy from form practice and experience when drafting these pleadings. See

Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 2007 WL 842771, *5 (M.D. Fla. 2007). The Defendants object to the time billed by the paralegals for purely clerical work. None of this time (a total of two hours billed on July 22, August 5, and August 6) is compensable. See Manriquez v. Manuel Diaz Farms, Inc., 2002 WL 1050331, *6 (S.D. Fla. 2002). The Defendants object to 6.2 hours billed for conferences with and about the Plaintiff as excessive. This Court agrees and finds three hours reasonable. The Defendants object that the hour spent on discovery research by a paralegal (when no discovery was undertaken) is likewise excessive. This Court finds none of this time compensable.

    4.   The last area of objection concerns the work that Plaintiff's counsel performed after the Plaintiff had accepted the Offer of Judgment. This time is not compensable. The Offer of Judgment is unambiguous that the Defendants held themselves liable only for fees incurred "to date" of the Offer's acceptance. The Offer therefore precludes the Plaintiff from recovering fees incurred after the Offer's acceptance. See Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238 (11th Cir. 2002). This cut-off furthers the policy behind Offers of Judgment because it gave the Defendants finality and a limit on their liability exposure. See Blumel v. Mylander, 165 F.R.D. 113 (M.D. Fla. 1996). Even the case to which the Plaintiff cites, Maranon v. Appliance Direct, Inc., 2008 WL

151891, *3 (M.D. Fla. 2008), permitted post-Offer fees just for the limited task of evaluating the Offer, itself, time for which the Plaintiff is being compensated already. The .8 hour of attorney time and 1.2 hours of paralegal time billed after the Offer's acceptance therefore is not compensable.

5. Of the total 22 hours claimed, this Court calculates that 13.2 hours thereof are billed by counsel. Of this time, this Court finds six hours to be excessive or otherwise not recoverable. This leaves a total of 7.2 hours reasonable and compensable. Of the total 22 hours claimed, this Court calculates that 8.8 hours thereof are billed by paralegals. (Generally speaking a prevailing party may recover the fee paid for paralegal services.) Of this time, this Court finds 4.2 hours to be excessive or otherwise not recoverable. This leaves a total of 4.6 hours reasonable and compensable.

6. The other component of a lodestar fee is the reasonable hourly rate. One of the main factors to consider is the prevailing market rate, or the rate that comparable lawyers charge for similar services and, importantly, in the same community. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994), Martin v. Univ. of So. Ala., 911 F.2d 604, 610 (11th Cir. 1990). Plaintiff's counsel seeks an hourly rate of $300 and $350 respectively, but these rates exceed what is reasonable for this Division and for routine FLSA litigation.

Instead an hourly rate of $275 is reasonable. Counsel's paralegals seek hourly rates of $130 and $190 respectively. This also is unreasonably high for this Division and for this type of case. Instead an hourly rate of $75 is more reasonable.

7.   Taken together, this yields a lodestar attorney fee of $1,980.00 and a lodestar paralegal fee of $345.00. That is, the product of 7.2 hours at a $275.00 hourly rate and the product of 4.6 paralegal hours at a $75.00 hourly rate. This provides more than adequate and fair compensation for this case.

8.   This Court turns next to the Plaintiff's expense request. The type of costs recoverable under the Offer of Judgment is defined by the statute underlying the Plaintiff's cause of action. See Utility, 298 F.3d at 1241. For an FLSA action, a prevailing plaintiff is limited to those costs taxable under 28 U.S.C. § 1920. See James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 649, n.1 (S.D. Fla. 2007). Of the Plaintiff's claimed expenses, only his copy costs, filing fee, and service fee are taxable. This totals $410.60. The other requested expenses, e.g., for travel, telephone, and computer research, are not taxable under § 1920.

**ACCORDINGLY**, this Court recommends to the District Court that the Plaintiff's Motion for Attorneys Fees and Costs be **GRANTED, in part**, such that Plaintiff be awarded a total of $2,325.00 in attorney and paralegal fees and a total of $410.60

in costs.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 12th day of November, 2008.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Matthew N. Thibaut, Esq.
    Dion J. Cassata, Esq.